UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JORGELYS VASQUEZ SANCHEZ,                        :
:
                      Plaintiff,          :
:         24-CV-6552 (VSB)
      -against-                              :
:              **ORDER**
CIPRIANI 42ND STREET LLC, *et al.*,              :
:
                 Defendants.    :
:
------------------------------------------------------------ X

VERNON S. BRODERICK, United States District Judge:

      Plaintiff filed this action on August 29, 2024, (Doc. 1), and filed an affidavit of service as to Defendant Cipriani 42nd Street LLC ("Cipriani LLC") on September 18, 2024, (Doc. 7). Plaintiff did not file affidavits of service as to the two individual Defendants Giuseppe Cipriani and Luisa Giron. Counsel for Cipriani LLC filed notices of appearance on October 3, 2024. (Docs. 8–9.)

      The deadline for Defendant Cipriani LLC to respond to Plaintiff's complaint was October 7, 2024. (*See* Doc. 7.) Cipriani LLC requested and was granted four extensions to answer or otherwise respond to the complaint. (*See* Docs. 10–17.) In my January 8, 2025 order granting the fourth extension request such that an answer would be due February 7, 2025, I noted that it would be "the last extension request granted." (Doc. 17.)

      On February 7, 2025, counsel to Cipriani LLC filed a joint letter with Plaintiff notifying me that they have reached a settlement in principle and requested until April 11, 2025 to file a stipulation of dismissal. (Doc. 18.) On February 10, 2025, I so ordered a memo endorsement that (1) noted that Plaintiff has not filed an affidavit of service regarding the individual defendants Giuseppe Cipriani and Luisa Giron and (2) directed the anticipated stipulation of

dismissal to "clearly state whether or not all of the claims in this action, including those against the two individual Defendants, are also being dismissed." (Doc. 19.)

To date, Plaintiff has not filed an affidavit of service as to the two individual Defendants, Giuseppe Cipriani and Luisa Giron. Nor has Cipriani LLC filed an answer to the complaint, despite it being due February 7, 2025. Nor have the parties filed any stipulation of dismissal, despite it being due April 11, 2025. In fact, no party has since indicated a desire to prosecute or defend this case. Accordingly, it is hereby:

ORDERED that, if the parties intend to file a stipulation of dismissal, they do so by April 23, 2025. The stipulation of dismissal should clearly state whether or not all of the claims in this action, including those against the two individual Defendants, are also being dismissed.

IT IS FURTHER ORDERED that, if a stipulation of dismissal of claims against the two individual Defendants is not filed, Plaintiff file affidavits of service showing timely service as to the two individual Defendants. These affidavits of service must be filed by April 23, 2025. If service was not timely, then Plaintiff shall submit, by April 23, 2025, a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (internal quotation marks omitted). "District courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." *Id.* (internal quotation marks omitted). "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (citing *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir.1991), *aff'd*, 173

F.3d 844 (2d Cir. 1999)).  Plaintiff is warned that failure to submit a letter if service was untimely and to demonstrate good cause for failure to serve the two individual Defendants within ninety days after the complaint was filed will result in dismissal of this action.  No extension requests will be granted.

    IT IS FURTHER ORDERED that, if a stipulation of dismissal of claims against Cipriani LLC is not filed, Cipriani LLC file an answer or otherwise respond to the complaint by April 23, 2025.  No extension requests will be granted.

SO ORDERED.

Dated:    April 16, 2025
           New York, New York

_____
VERNON S. BRODERICK
United States District Judge